# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HUBERT D. HILL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19−cv−00405−JPG |
| JOHN LAKIN, CHRISTOPHER EALES, DR. LOCKARD, and KAREN DEEMS, | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Hubert Hill, who is currently being held at the Madison County Jail, filed this action pursuant to 42 U.S.C. § 1983 for deliberate indifference to serious medical needs in violation of his constitutional rights. He seeks declaratory judgment, money damages, and injunctive relief.

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint:[1] On September 25, 2018, following arrest, Plaintiff was transported to Madison County Jail. (Doc. 1, p. 7). Due to an injury

---

[1] Although the body of the Complaint mentions several individuals, the case caption identifies only four defendants: Lakin, Eales, Lockard, and Deems. The Court notes that it will not treat parties not listed in the caption as defendants,

1

which occurred in early September, Plaintiff at the time of arrest was wearing a medical boot and had the following injuries to his right ankle and foot: (1) a displaced transverse fracture of the right distal fibula with soft tissue swelling; (2) Achilles tendon enthesopathy; and (3) a bone spur. *Id*. While in custody, Plaintiff was seen by Nurse Practitioner Karen Deems, who ordered x-rays, which showed the fracture and soft tissue swelling. *Id.* While showering without his medical boot, on October 7, 2018, Plaintiff twisted his right foot, heard a "pop" sound, and pain shot through his foot area. *Id.,* p. 8. The next day x-rays were again taken, and it was believed that Plaintiff had a new fracture. *Id.* However, after a follow up visit to Dr. Paul Scherer's office, where another set of x-rays were taken, it was determined that there was no new fracture and that the existing fracture had healed. *Id.* Plaintiff was also allowed to remove the medical boot and given instructions to do various stretches and rehabilitative movements. *Id.* Despite doing the required movements twice a day for two weeks, Plaintiff experienced severe and lasting pain and so he submitted a sick call slip. *Id.* He was given Motrin, and when he requested that Deems do further testing such as an MRI she responded that "Madison County does not do MRI's." *Id.*

After submitting another sick call slip a few days later, Plaintiff was seen again by medical personnel on November 2, 2018. *Id*. He was informed by a nurse that "Madison County does not treat pre-existing conditions," and his complaints of pain were ignored. *Id*. Later in the month, Plaintiff submitted another call slip informing the medical staff that his pain was worsening and that the pain medication was no longer helping. *Id,* p. 9. The following day Deems reviewed his file and her only response was, "Okay noted[.]" *Id.* Plaintiff then filed an emergency grievance with the Jail Administrator, Christopher Eales. *Id*. Eales responded that he would contact Dr. Scherer. *Id*. Dr. Sherer's office declined to see Plaintiff, but stated that if complaints of pain

---

and any claims against them are considered dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

continued then further testing should be considered. *Id.* On December 3, 2018, Deems ordered x-rays, which continued to show soft tissue swelling of the Achilles tendon, but no new fracture, and long term pain medication was ordered. *Id.* On January 25, 2019, Plaintiff again filed a grievance with Eales, informing Eales of his continued pain and stating that no one seemed concerned or to be doing anything to find out the cause. *Id*. Five days later, without notice, Plaintiff was taken off the pain medication. *Id.,* p. 10. After submitting a sick call slip, Plaintiff was informed that Dr. Lockard was now in charge of the medical care at the jail, and he decided that Plaintiff no longer needed the pain medication. *Id*. Plaintiff submitted another grievance regarding the issue to Eales, who responded that Dr. Lockard was in charge of Plaintiff's medical care. *Id*. Plaintiff was seen by medical staff on February 7, 2019, who told him that Dr. Lockard would be willing to give him Tylenol. *Id*. When Plaintiff informed the staff that he has advanced stage cirrhosis of the liver and that he could not take that medicine, no other medicine or treatment option was offered. *Id*. In March, while Plaintiff was being seen by Dr. Lockard on a matter unrelated to his foot injury, Plaintiff again brought up his chronic pain and was told to do foot stretches and full motion movement. *Id*. After following the instructions of Dr. Lockard, Plaintiff was in severe pain and submitted a sick call slip. *Id.* He again was only offered Tylenol, which he declined due to his liver condition. *Id.*

### Discussion

Based on the allegations in the Complaint, the Court designates a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by this Court:

**Count 1:** Lakin and Eales, in their official capacities, and Lockard and Deems, in their individual capacities, were deliberately indifferent to Plaintiff's chronic pain.

**Any other claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.[2]**

### Applicable Legal Standard

Before screening the Plaintiff's constitutional claims, the Court must first consider what legal standard applies. The applicable legal standard for Plaintiff's claims depends on his status as a pretrial detainee or convicted prisoner during his detention at the jail. The Eighth Amendment deliberate indifference standard articulated in *Farmer v. Brennan,* 511 U.S. 825, 834 (1994), is applicable if Plaintiff was a convicted prisoner during the relevant time period. *Estelle v. Gamble*, 429 U.S. 91 (1976). On the other hand, if Plaintiff was a pretrial detainee, the Fourteenth Amendment and the objective unreasonableness standard articulated in *Miranda v. County Lake*, No. 17-1603, 2018 WL 3796482, at *11 (7th Cir. Aug. 10, 2018), govern Plaintiff's claims.

The Complaint does not indicate whether Plaintiff was in the Madison County Jail to serve a sentence pursuant to a criminal conviction, or whether he was held there as a pretrial detainee.[3] Regardless, the Complaint survives screening because the allegations support a constitutional claim under the most stringent of these standards, i.e., the Eighth Amendment. For purposes of this screening order, the Court looks to Eighth Amendment case law. Count 1 survives screening under this standard and the less stringent standards available to detainees. Accordingly, the Court need not resolve Plaintiff's legal status at this time.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

[3] According to the Complaint, the alleged violations occurred shortly after Plaintiff was arrested on September 24, 2018. Publicly available records from the Madison County Circuit Court reveal that Plaintiff was arrested on September 24, 2018, pursuant to a criminal complaint, and that he is presently awaiting trial in that criminal matter. *See Illinois v. Hill*, Case No. 2018-cf-2848. This suggests that Plaintiff was a pretrial detainee during the relevant time. Nonetheless, because it is not entirely clear, the Court notes that Plaintiff's claim survives even under the more stringent Eighth Amendment standard.

## Count 1

The Eighth Amendment has been held to prohibit deliberate indifference to a prisoner's serious medical need. To state a claim for deliberate indifference to a serious medical need, an inmate must show: (1) that he suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). A medical professional's actions may also reflect deliberate indifference if he "chooses an easier and less efficacious treatment without exercising professional judgment or simply continues with a course of treatment that he knows is ineffective in treating the inmate's condition." *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011) (citations and quotations omitted).

Plaintiff has adequately alleged that Nurse Practitioner Deems and Dr. Lockard, in their individual capacities, acted with deliberate indifference. Plaintiff claims that both defendants knew that he was in continuous increasing pain as the months progressed, and, despite this knowledge, continued the same line of ineffective treatment. Therefore, Count 1 will proceed as to Defendants Deems and Lockard.

Plaintiff brings his claim of deliberate indifference against the Sheriff of Madison County, John Lakin, and Jail Administrator, Christopher Eales, in their official capacities only. "When a plaintiff sues an individual officer in his official capacity, the suit is treated as if the plaintiff has sued the municipality itself." *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006), *as amended on denial of reh'g* (May 25, 2006) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). A local government entity may be sued under Section 1983 where "the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well

settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sherriff's Dep't,* 604 F.3d 293, 303 (7th Cir. 2009) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.,* 436 U.S. 658, 690 (1987).

The Court will allow the official capacity claim to proceed against Sheriff Lakin, who is responsible for running the jail. *See DeGenova v. Sheriff of DuPage Cty.,* 209 F.3d 973, 976 (7 Cir. 2000) ("Illinois sheriffs have final policymaking authority over jail operations."). The Complaint quotes a nurse at the county jail stating that "Madison County does not treat pre-existing conditions," and further alleges that the County's policy and practice is implemented in order to lower medical costs for the county. (Doc. 1, pp. 8, 11). Because he has the final policymaking authority over jail operations, Count 1 survives screening as to Lakin.

However, the official capacity claim against Eales is redundant because it is based on the same theory of liability. Accordingly, the official capacity claim against Eales is dismissed and because there are no other claims against him, Eales is dismissed from the Complaint without prejudice.

## Motion for Service of Process

Because Plaintiff has been granted pauper status (Doc. 5) and the Court is obligated to arrange service for incarcerated persons proceeding *in forma pauperis*, his Motion for Service of Process at Government Expense (Doc. 3) is **DENIED** as moot.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall proceed against **LAKIN** (official capacity only), **LOCKARD** (individual capacity), and **DEEMS** (individual capacity), and **EALES** shall be **DISMISSED** without prejudice as to **COUNT 1**. Because there are no further claims against him, **EALES** is **DISMISSED** from the Complaint without prejudice. The Clerk of Court is **DIRECTED** to terminate **EALES** as a defendant in the Case Management/Electronic

Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that the Motion for Service of Process at Government Expense (Doc. 3) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **Lakin** (official capacity), **Lockard** (individual capacity), and **Deems** (individual capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate response pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a

United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 6/11/2019**

J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## **Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.