# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HUBERT D. HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19−cv−00405−JPG |
| | ) |
| JOHN LAKIN, | ) |
| KAREN DEEM, and | ) |
| HUGHES LOCHARD, M.D., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Hubert Hill filed this action pursuant to 42 U.S.C. § 1983 for inadequate medical care in violation of his constitutional rights while at Madison County Jail. Following an initial screening of the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with a claim of deliberate indifference to a serious medical need regarding the treatment of a foot injury in violation of the Eighth Amendment against Defendants Deem and Lochard in their individual capacities and Defendant Lakin in his official capacity (Count 1). (Doc. 6, p. 6).

On September 4, 2019, Plaintiff filed a Motion for Temporary Restraining Order or Preliminary Injunction (Doc. 25), asking the Court to order that Plaintiff be examined by an orthopedic specialist and provided appropriate treatment for his foot pain. (Doc. 25, p. 1). The Court denied Plaintiff's Motion for Temporary Restraining Order, but directed Defendants to respond to his request for a preliminary injunction. (Doc. 26). Defendants filed a response (Doc. 28), Plaintiff filed a Reply Brief to the Response (Doc. 30), and a hearing is currently scheduled for October 31, 2019. (Doc. 31). Defendants notified the Court on October 24, 2019, that Plaintiff

1

had been transferred from Madison County Jail and is now in the custody of the Illinois Department of Corrections. (Doc. 34, 2). Plaintiff's Motion for Preliminary Injunction is now before the Court, along with his Motion to Clarify Standard of Review (Doc. 21).

## Motion to Clarify Standard of Review

At the time that Plaintiff filed his Complaint, it was unclear to the Court whether he was a pretrial detainee or convicted prisoner during his detention at the Madison County Jail. Regardless, the Court found that the Complaint survived screening even under the more stringent Eighth Amendment standard. (Doc. 6, p. 4). Since then, Plaintiff has filed a motion asking the Court to rule on the proper standard of review for his constitutional violation claim. (Doc. 21). In the motion, he claims that he was not convicted until August 21, 2019, [1] and so until this point, he has been a pretrial detainee while at the Madison County Jail. (*Id.* at pp. 1-2). Furthermore, in Defendants' Response to Plaintiff's Motion for Preliminary Injunction, they state that Plaintiff was "a pretrial detainee at the time the relevant events took place". (Doc. 28, p. 6). As both parties agree that Plaintiff was a pretrial detainee at the time of the alleged constitutional violations, the Court **GRANTS** Plaintiff's Motion (Doc. 21). His medical claim against Lakin, Deem, and Dr. Lochard shall proceed under the Fourteenth Amendment, which governs claims for inadequate medical care provided to pretrial detainees. *See Williams v. Ortiz,* 937 F.3d 936, 942 (7th Cir. 2019) (quoting *Miranda v. Cty. Lake,* 900 F.3d 335, 351 (7th Cir. 2018)).

---

[1] This conviction date is also supported by publicly available records in his criminal case. *See State of Ill. v Hill,* Case No. 2018-CF-002848 (Madison County Circuit Court, August 21, 2019). The court records from Hill's criminal proceeding are public records of which this Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.,* 446 F.Supp.2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

## Motion for Preliminary Injunction

When a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996); *Henderson v. Sheahan,* 196 F.3d 839, 848 n.3 (7th Cir. 2000) (finding transfer from Cook County Jail to state prison system mooted plaintiff's claim for declaratory and injunctive relief against jail-specific practice); *Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008). Only if Plaintiff can show a realistic possibility that he would again be incarcerated again at Madison County Jail under the conditions described in the Complaint, would it be proper for the Court to consider injunctive relief. *See Maddox v. Love,* 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 6687 (7th Cir. 2009)).

Here, Plaintiff was asking the Court to order Defendants to provide an "appropriate course of medical treatment", which included arranging him to see an orthopedic specialist. (Doc. 25, p. 1). According to the Status Report, Plaintiff is no longer in the custody of Madison County Jail and so not only can Defendants not arrange his appearance at the hearing, but are incapable of implementing any injunctive relief that is requested. As such, the Court **DENIES** Plaintiff's request for injunctive relief as **MOOT**. This denial is without prejudice, however, and Plaintiff may file a new motion at any time it becomes necessary to do so upon his return to the Madison County Jail.

**IT IS ORDERED** that the Motion to Clarify Standard of Review (Doc. 21) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Preliminary Injunction (Doc. 25) is **DENIED without prejudice as MOOT**, and the hearing set for 9:00 a.m. on October 31, 2019, is **CANCELED**.

**IT IS SO ORDERED.**

**DATED: October 25, 2019**

                                                          s/J. Phil Gilbert
                                                        **J. PHIL GILBERT**
                                                        **United States District Judge**