**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **HUBERT D. HILL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19−cv−00405−JPG** |
| | ) | |
| **JOHN LAKIN,** | ) | |
| **KAREN DEEM, and** | ) | |
| **HUGHES LOCHARD, M.D.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Hubert Hill, an inmate in the Illinois Department of Corrections, filed this action

pursuant to 42 U.S.C. § 1983 for inadequate medical care in violation of his constitutional rights

while a pretrial detainee at Madison County Jail. Now before the Court is Plaintiff's Motion to

Strike Affirmative Defense (Doc. 27) and Motion for Stay in Proceedings (Doc. 40).

### Motion to Strike Affirmative Defense

Plaintiff has filed a motion asking the Court to strike the affirmative defense of the doctrine

of unclean hands asserted by Defendants Lakin and Deem. (Doc. 27, p. 1). He states that

Defendants have not provided a short and plain statement of facts in support of this affirmative

defense, and therefore, do not meet the pleading requirements of the Federal Rule of Civil

Procedure 8. (*Id.* at p. 4). Defendants never filed a Response to the present motion, and the time

to do so has passed.

Under Federal Rule 12(f), a court "may strike from a pleading an insufficient defense or

any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). As Plaintiff

has correctly stated in his motion, motions to strike are generally disfavored. (Doc. 27, p. 3)(citing

*Heller Fin., Inc., v. Midwhy Powder Co., Inc.,* 883 F.3d 1286, 1294 (7th Cir. 1989)). Therefore, "[a]ffirmative defenses will be stricken only when they are insufficient on the face of the pleadings." *Heller,* 883 F.3d at 1294 (citations omitted).

Affirmative defenses are pleadings subject to Rule 8, and a defendant must provide a short and plain statement that gives a plaintiff notice of the basis for the defense. *Id.*; see also FED. R. CIV. P. 8(a). "Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Heller*, 883 F.2d at 1294. However, bare bones conclusory legal statements are insufficient to present an affirmative defense. *Id.* at 1295. Furthermore, "[a]s a practical matter. . . affirmative defenses rarely will be as detailed as a complaint (or counter claim); nor do they need to be in most cases to provide sufficient notice to the defense asserted. But a problem arises when a party asserts boilerplate defenses as mere placeholders without any apparent factual basis." *Dosey v. Ghosh,* No. 13-cv-05747, 2015 WL 3524911 at *4 (N.D. Ill., June 3, 2015). A district court has "considerable discretion" whether to strike defenses under Rule 12(f). *Delta Consulting Grp. Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).

In the Answer and Affirmative Defenses to Plaintiff's Complaint (Doc. 17), Defendants Lakin and Deem state that "each and every cause of action alleged therein, is barred by the doctrine of unclean hands." (*Id.* at p. 2). This defense does not satisfy the pleading requirements of Rule 8. The doctrine of unclean hands is an equitable defense "that must be pled with specific elements required to establish the defense." Defendants only assert this one bare bone conclusory statement, and "failing to plead anything more than the assertions of …unclean hands…constitutes ground for striking the [defense]." *Leonard v. Tr. Of Ind. Univ.,* No. 19-cv-00963, 2019 WL 3306181 at *3 (S.D. Ind., July 23, 2019)(citing *Heller*, 883 F.2d at 1295). Accordingly, Plaintiff's Motion to

strike the affirmative defense of the doctrine of unclean hands is **GRANTED**, and this defense is dismissed without prejudice.

### Motion for Stay in Proceedings

Plaintiff has also filed a motion requesting that the Court stay the current proceedings. (Doc. 40). He claims that since he has been transferred into the custody Illinois Department of Corrections, he has had problems with the law library at Graham Correctional Center. He was told that he has no access to the law library as a receiving inmate and never received the typing paper he requested. (*Id.* at p. 2). Plaintiff also states he has had difficulties electronically filing documents with the Court. (*Id.*). Because of these issues, he cannot properly prepare for Defendants' motion for summary judgment, amend his Complaint, or file motions. He requests a stay in proceedings until he is transferred to his primary prison and can properly litigate this action. (*Id.* at p. 3).

At this time the Court **DENIES** Plaintiff's request for a stay of the proceedings. At the time the motion was filed, the only deadline pending was November 19, 2019 —the date for Plaintiff to file a motion for leave to file an amended complaint. As Defendants have not filed a motion for summary judgment, Plaintiff currently does not need to prepare a response to such motion. The Court will **GRANT** Plaintiff an extension of time to file a motion for leave to file an amended complaint. The motion must be filed, if at all, by **December 27, 2019**. The Court notes that in order to set forth an amended complaint, Plaintiff only needs to provide a short and plain statement of his claims, showing that he is entitled to relief. Legal argument and case citations are not necessary. Under the liberal construction rule of *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), the Court cannot penalize a *pro se* plaintiff for lack of legal knowledge. If plaintiff makes

the nature of his claim clear to the Court and provides the relevant facts, the Court will apply the law.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, the Court **GRANTS** Plaintiff's Motion to Strike Affirmative Defense (Doc. 27), and **DISMISSES without prejudice** the affirmative defense of unclean hands asserted by Defendants Lakin and Deem. (Doc. 17, p. 2).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Proceedings (Doc. 40) is **DENIED**. Plaintiff is **GRANTED** an extension to file a motion to amend the complaint. The motion shall be filed, it at all, on or before **December 27, 2019**.

**IT IS SO ORDERED**.

**DATED: 11/26/2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**